UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO._____

BOAZ RACKS,

    Plaintiff,

vs.

EAT RIGHT MEAL PLANS, LLC,
a Florida limited liability company, and
DARRYL FULKS, individually,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, BOAZ RACKS, by and through his undersigned counsel, and sues the Defendants, EAT RIGHT MEAL PLANS, LLC, a Florida limited liability company ("EAT RIGHT"), and DARRYL FULKS, individually, ("FULKS" and collectively with EAT RIGHT, the "Defendants") and alleges as follows:

1. Plaintiff, a former employee of Defendants, brings this action to recover overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was not paid any overtime wages while working for Defendants. When Plaintiff hired to counsel to pursue that unpaid overtime, Defendants retaliated against Plaintiff for pursuing his rights under the FLSA, in violation of Federal law.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3.     The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.     At all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5.     At all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA.  "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'"  Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6.     At all times material hereto, Defendant FULKS acted directly in the interests of his employer, the Defendant, EAT RIGHT, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of EAT RIGHT.

7.     Plaintiff's work for the Defendants affected and/or involved interstate commerce during the relevant time period because he handled materials and goods, specifically food, that moved through interstate commerce both prior to and after Plaintiff's handling of same.  Those goods and materials were used on a constant and/or continual basis and were supplied to him by Defendants.  Plaintiff also regularly used the internet and interstate communications systems in

connection with his work for Defendants. The Plaintiff's work for the Defendants was actually in and/or so closely related to interstate commerce while he worked for the Defendants that the FLSA applies to Plaintiff's work for the Defendants.

8. Plaintiff worked for Defendants from January 5, 2021 through approximately June 28, 2022 as a chef, but was improperly classified as a salaried exempt employee.

9. Specifically, Plaintiff worked more than 40 hours per week, and as much 8-9 hours per day, 6 days per week, yet was paid a straight salary of $1,250.00 per week with no overtime pay, irrespective of how many hours he worked.

10. Plaintiff did not possess a four-year specialized academic degree in a culinary arts program that might otherwise permit the Defendants to pay Plaintiff as an exempt employee.

11. Months after the termination of Plaintiff's employment with Defendants, Plaintiff, through counsel, sent a demand letter to the Defendants setting forth Plaintiff's claim for overtime pay due to this misclassification.

12. This letter was received by the Defendants on September 27, 2022 at 11:49 am.

13. In retaliation, Defendant FULKS then contacted the Tampa Police Department to file a frivolous claim of theft against Plaintiff, alleging that during Plaintiff's two-year employment with EAT RIGHT, Plaintiff had been falsifying time cards with the intent to defraud EAT RIGHT. FULKS told the police he "wants Boaz arrested if possible."

14. This action was retaliatory and malicious, as well as frivolous, as Defendant, DARRYL FULKS only raised these concerns for the first time just days after receiving Plaintiff's demand letter for FLSA overtime wages (which was also months after the termination of Plaintiff's employment). Moreover, the claim of theft was completely baseless considering Plaintiff was paid a salary and not on an hourly basis.

15. As further retaliation, on September 30, 2022, an EAT RIGHT partner then went to the restaurant where Plaintiff was then employed – called "The C House" – and spoke with management at The C House about the Plaintiff, informing The C House about the police report FULKS had made.

16. During this conversation, the EAT RIGHT partner told The C House management that Plaintiff had stolen from Defendants during his employment with Defendants. As a direct result of this communication, on October 3, 2022, Plaintiff was terminated from his position at The C House, with The C House management in possession of the filed police report.

17. Given the extremely close temporal proximity between (1) Defendants' receipt of a demand letter in which Plaintiff sought payment of unpaid overtime wages and (2) FULKS' report to the police and EAT RIGHT's visit to The C House, there is no question that the Defendants retaliated against the Plaintiff for his complaint of unpaid FLSA overtime wages.

## COUNT I
## FLSA OVERTIME-EAT RIGHT

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above.

18. Pursuant to the FLSA, Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week during his employment with Defendants.

19. By reason of the intentional, willful and unlawful acts of EAT RIGHT in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, EAT RIGHT, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

4

## COUNT II
## FLSA OVERTIME-FULKS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above.

20. Pursuant to the FLSA, Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week during his employment with Defendants.

21. By reason of the intentional, willful and unlawful acts of FULKS in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, FULKS, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION-EAT RIGHT

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

22. EAT RIGHT's filing of a police report against Plaintiff was done directly in retaliation for his complaints of FLSA violations.

23. EAT RIGHT's actions of visiting The C House, communicating with management about Plaintiff, and providing false information about Plaintiff was done directly in retaliation for his complaints of FLSA violations.

24. EAT RIGHT's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious. As a direct and proximate result of the EAT RIGHT'S unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, EAT RIGHT, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA RETALIATION-DARRYL FULKS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

25. DARRYL FULKS's filing of a police report against Plaintiff was directly in retaliation for his complaints of FLSA violations.

26. The Defendant, DARRYL FULKS's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, DARRYL FULKS, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, BOAZ RACKS, demands trial by jury.

Dated: November 21, 2022.	Respectfully submitted,

                                            Law Offices of Levy & Levy, P.A.
                                            1000 Sawgrass Corporate Parkway
                                            Suite 588
                                            Sunrise, Florida  33323
                                            Telephone: (954) 763-5722
                                            Facsimile: (954) 763-5723
                                            Email: chad@levylevylaw.com
                                            Service Email: assistant@levylevylaw.com
                                            *Counsel for Plaintiff*

                                            */s/ Chad Levy*
                                            CHAD E. LEVY, ESQ.
                                            F.B.N.: 0851701
                                            HARRIS NIZEL, ESQ.
                                            F.B.N.: 0807931