UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:22-cv-02668

BOAZ RACKS,

        Plaintiff,

vs.

EAT RIGHT MEAL PLANS, LLC,
a Florida limited liability company, and
DARRYL FULKS, individually,

        Defendants.
_____/

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

Plaintiff, BOAZ RACKS, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), hereby files this Motion to Dismiss Defendants' Counterclaims, and in support alleges as follows:

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on November 21, 2022 alleging that Defendants intentionally failed to pay him overtime and retaliated against him in violation of the Fair Labor Standards Act ("FLSA"). When Defendants filed their Answer and Affirmative Defenses on January 27, 2023, they included two counterclaims for something titled "Statutory and Common Law Bad Faith" and also for "Unjust Enrichment." Upon review, these counterclaims generally allege that Plaintiff was working at another restaurant while working as a salaried employee for the Defendants, and therefore Defendants now seek economic damages against the Plaintiff.

Defendants do not allege a basis for this Court's jurisdiction as required by Federal Rule 8(a)(1). Even if they had attempted to do so, the counterclaims are not compulsory, and as such,

there is no subject matter for this Court.  In Plaintiff's view, Defendants' filing of these counterclaims is simply further evidence of retaliation against the Plaintiff for filing his FLSA claims.

## MEMORANDUM OF LAW

## I.    DEFENDANTS' COUNTERCLAIMS VIOLATE RULE 8(A)(1)

Subject matter jurisdiction must be affirmatively shown in the record before reaching the merits of a case. <u>Sweet Pea Marine, Ltd. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. <u>Id</u>. Federal Rule of Civil Procedure 8(a)(1) requires a party to file "a short and plain statement of the grounds for the court's jurisdiction unless the court already has jurisdiction and the claim needs no new jurisdictional support."  If a pleading seeking affirmative relief fails to conform to Federal Rule of Civil Procedure 8(a)(1), the opposing party can move to dismiss the pleading under Federal Rule of Civil Procedure 12(b)(1). E.g., <u>Leisure v. Hogan</u>, 21 F. App'x 277, 278 (6th Cir. 2001); Anderson v. United States, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002); <u>McBrayer v. Bank of Am., N.A.</u>, No. 6:07-cv-2013-Orl-19GJK, 2008 U.S. Dist. LEXIS 10664, at *3 (M.D. Fla. Feb. 13, 2008).

Defendants' Counterclaims fail to comply with Federal Rule 8(a)(1).  Defendants do not explain why this Court has any jurisdiction over the Counterclaims.  Defendants seem to be implicating Florida Circuit Court jurisdiction for the Counterclaims by alleging in paragraphs 6 and 31 of the Counterclaims respectively, "This is an action for damages that exceed $30,000.00" and "This is an action for equitable relief that exceeds $30,000.00."  Because the Counterclaims fail to confirm to Rule 8(a)(1), they should be dismissed.

II.    **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE DEFENDANTS' COUNTERCLAIMS.**

Even if Defendants had complied with Federal Rule 8(a)(1), the Counterclaims would still be subject to dismissal for lack of subject matter jurisdiction.  Subject matter jurisdiction implicates the court's authority to adjudicate a particular case and, as such, it may be challenged by either party, or by the court *sua sponte,* at any time while the action is pending. Fed.R.Civ.P. 12(h)(3); Goodman v. Sipos, 259 F.3d 1327, 1331 n. 6 (11th Cir.2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.").

In determining the existence of subject matter jurisdiction, federal district courts have original jurisdiction over all civil actions either "arising under the Constitution, laws, or treaties of the United States" or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000. 28 U.S.C. §§1331, 1332.  Here, the court has original jurisdiction over Plaintiff's claims under the FLSA because these claims arise under federal law.  However, this court does not have original jurisdiction over Defendants' counterclaims ("Statutory and Common Law Bad Faith" and Unjust Enrichment) because such claims do not arise under federal law and because there is a lack of complete diversity between the parties.  28 U.S.C. §1331, §1332.   As explained above, Defendants do not allege the basis for this Court's jurisdiction.

Despite the lack of original subject matter jurisdiction over the counterclaim, it must be determined whether the Court shall exercise supplemental jurisdiction over the Counterclaims. The court's analysis of supplemental jurisdiction is governed by 28 U.S.C. §1367, enacted in 1990, which "codifies the concepts previously known as pendent and ancillary jurisdiction."

Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1563 (11th Cir.1994); see also Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996) (per curiam) ("The presence of supplemental jurisdiction is governed by 28 U.S.C. §1367.").  Subsection (a) provides that when the district court has original jurisdiction over one claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Subsection (a) thus delineates the power of a federal court to hear supplemental claims. Hudson, 90 F.3d at 455; Palmer, 22 F.3d at 1566; see also Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir.1997).

To this end, "[t]he constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Lucero, 121 F.3d at 597; accord Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1223 (11th Cir.1999), cert. denied, 529 U.S. 1018, 120 S.Ct. 1419, 146 L.Ed.2d 311 (2000).  Conversely, the apparent lack of such common nucleus prevents such supplemental authority from attaching.

### A.    Permissive and compulsory counterclaims under §1367

Compulsory counterclaims by definition "form part of the same case or controversy" because they "arise out of the same transaction or occurrence," and therefore supplemental jurisdiction over compulsory counterclaims is proper.  Bakewell v. Federal Financial Group, Inc., 2006 WL 739807, *2 (N.D. Ga. 2006).  In turn, permissive counterclaims "require their own jurisdictional basis."  Unique Concepts, Inc. v. Manuel, 930 F.2d 573, 574 (7th Cir. 1991).

As such, in the event this Court does not outright dismiss the Counterclaims for failure to comply with Federal Rule 8, this court must determine first if the Counterclaims are compulsory

or permissive because if the Counterclaims are compulsory, the Court may exercise supplemental jurisdiction over them.  If the Counterclaims are permissive, the Court can then determine whether supplemental jurisdiction even exists under §1367(a).  <u>Bakewell</u>, 2006 WL 739807 at *2.

**B.    Defendants have filed permissive counterclaims**

To determine whether a claim is part of the "same case or controversy," this court looks to whether "[t]he state and federal claims ... derive from a common nucleus of operative fact." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966).  In the case of <u>Lyon v. Whisman</u>, 45 F.3d 758 (3d Cir. 1995), the Third Circuit held that a plaintiff's claim for overtime wages under the FLSA shared no common nucleus of operative facts with her state law claims for breach of contract and tort based on her employer's alleged failure to pay a promised bonus on time.  The Court pointed out that, in a federal court action in which jurisdiction is based upon the FLSA, the fact that both state and federal claims arise out of the "employment relationship," without more, provides an insufficient factual nexus to confer supplemental jurisdiction. <u>Id.</u> at 762.  The court in <u>Lyon</u> also observed that the FLSA was "a statute with a narrow, well-defined purpose-to guarantee minimum standards and eliminate abuses in wages and hours worked."  <u>Krause v. Cherry Hill Fire District 13</u>, 969 F.Supp.270 (D.N.J. 1997), *citing* <u>Lyon</u>, 45 F.3d at 763.  As such, the Third Circuit expressed doubt that Congress, in enacting the FLSA, intended to authorize supplemental jurisdiction to the full extent of Article III.  <u>Id.</u>, *citing* <u>Lyon</u>, 45 F.3d at 764.  Indeed, the <u>Lyon</u> court warned that "when a court exercises federal jurisdiction pursuant to a rather narrow and specialized federal statute it should be circumspect when determining the scope of its supplemental jurisdiction." <u>Lyon</u>, 45 F.3d at 764.

Here, applying the FLSA, Defendants' unquestionably did not file a compulsory counterclaim. Plaintiff is seeking overtime compensation from the Defendants for not properly receiving time-and-a-half compensation for all hours worked over forty (40) per week from January of 2021 through June of 2022. [DE 16]. In turn, Defendants Counterclaims involve allegations that Plaintiff was working for another company at certain times during his salaried exempt employment. Plaintiff's employment with another employer does not "arise out of the same transaction or occurrence" as Plaintiff working more than 40 hours per week for Defendants and not receiving overtime compensation. Thus, this is not a compulsory counterclaim as each issue involves "distinct factual issues, which will require distinct proofs, not encompassed within plaintiffs' FLSA claim." Krause, 969 F.Supp. at 281.

### C.    This Court lacks supplemental authority for permissive counterclaims

FLSA cases do not typically permit any such permissive counterclaims from being filed against the employee. See Herman v. Excel Corp., 37 F.Supp.2d 1117 (C.D.Ill. 1999) (Dismissed counterclaim that was not provided for under FLSA); Kantar v. Garchell, 150 F.2d 47 (8th Cir. 1945) (Counterclaim to FLSA suit did not present a controversy of federal cognizance); cf. Lecik v. Nost, 2005 WL 3307192 (M.D.Fla. 2005) (Fraud claim and FLSA claim "arise out of a common nucleus of operative fact because the number of hours actually worked by [Plaintiff] underpin both the FLSA overtime claim and the fraud counterclaim."). Nevertheless, the only permissive counterclaims that might possibly permit this Court to supplement its jurisdiction are those "that arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and federal claim are considered part of the same constitutional case." Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1067 (E.D. Cal. 2005).

Defendants' Counterclaims fail to identify any facts that bear a relationship to the fact that Plaintiff is seeking overtime compensation for all hours worked. In fact, there is no specific allegation that Plaintiff's working hours for another employer definitively overlapped any particular hours he was supposed to be working for the Defendants.

**D.    The Court has discretion to refuse supplemental jurisdiction**

Even if this Court were to hold that the Counterclaims bears some relationship to the FLSA claim and that supplemental jurisdiction exists over Defendants' Counterclaims under §1367(a), the Court has discretion under §1367(c) to decline to exercise such jurisdiction in one of four situations:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, subparagraphs (1) and (4) point to excluding the Counterclaim from this Court. For (1), Defendants have failed to identify any theory that would permit the recovery of these damages, pointing to created claims that would likely be dismissed in state court. Notably, it is not even specified what Florida statute allegedly creates a statutory bad faith claim. Such theories of recovery would require this Court to decide whether or not such a statutory or common law bad faith claim even exists and, if so, whether Defendants are entitled to any such damages by law pursuant to Florida law. What exactly is a bad faith statutory or common law claim? There is no

statute or contract that Defendants point to in support of its damages, thereby leaving this Court to decide a state court issue. This "novel" issue is precisely why 1367(c)(1) prevents such counterclaim from being decided in federal court, and the Court should decline any such supplemental authority.

As for 1367(c)(4), there are several reasons why jurisdiction should be declined. First, Plaintiff alleges Defendants only filed this Counterclaim to retaliate against the Plaintiff for the filing of his FLSA lawsuit. The issue of Plaintiff not being present at work was known to the Defendants as early as January 2022 [DE 22, Counterclaim ¶16]. Defendants did not file its Counterclaims until January 27, 2023 – one year later. During that time period, Defendants never sent Plaintiff a demand or pre-suit communication to recover these alleged damages. Only after Defendants were served with Plaintiff's lawsuit did Defendants seek these damages. This counterclaim is clearly retaliatory and was not the legislators' intent when enacting 1367(a).

Additionally, permitting the Defendants to argue that Plaintiff was working for another employer while he was salaried for the Defendants while Plaintiff simultaneously seeks unpaid overtime, would only confuse the jury of the federal issue. Defendants are attempting to increase litigation costs against Plaintiff in a clear attempt to drown Plaintiff in litigation costs and fees. Nothing is preventing Defendants from pursuing this action in state court, as the time to file in state court is presumably still unexpired. In addition, the fact that this litigation is in its early stages "weighs in favor of dismissal." Prudential Equity Group, LLC v. Ajamie, 524 F.Supp.2d 473, 476 (S.D.N.Y. 2007). Clearly, these are circumstances under which this Court should deny supplemental authority and dismiss Defendants' Counterclaims.

Even if the Court does not dismiss the Counterclaims under Rule 12(b)(1), they should be dismissed under Rule 12(b)(6) for failing to state a claim for relief. Counterclaim I, titled

"STATUTORY AND COMMON LAW BAD FAITH," does not appear to assert a legally cognizable claim.  To the extent it purports to be a statutory claim, Defendant has not identified a statute and none has been discovered by Plaintiff.  Likewise, Plaintiff has not been able to locate a common law bad faith cause of action in Florida except, perhaps, in the insurance context (which is clearly inapplicable here).  Accordingly, the counterclaim should be dismissed on that basis.

With respect to Defendants' counterclaim for unjust enrichment, even viewing the facts in a light favorable to Defendant, the counterclaim should be dismissed under Federal Rule 12(b)(6).  There is no prohibition on an employee working for two employers simultaneously.  Defendants merely state, in paragraph 35, that Plaintiff was paid on a salary basis at a rate of $65,000 per year.  Although Plaintiff's second job was, in fact, an evening job that did not interfere with his employment with Defendant, for the purposes of this motion, Defendant does not tell us what hours Plaintiff was required to work for the salary.  Even if Plaintiff was simultaneously working two different jobs (which is not uncommon), Defendant does not explain why it is inequitable for Plaintiff to retain his salary, particularly when there is no minimum number of hours Plaintiff was required to work for Defendant. Unjust enrichment is equitable in nature and cannot exist where payment has been made for the benefit conferred. Gene B. Glick Co. v. Sunshine Ready Concrete Co., 651 So. 2d 190, 190 (Fla. 4th DCA 1995).

## III.   DEFENDANTS' COUNTERCLAIMS ARE SIMPLY RETALIATORY

The FLSA's anti-retaliation statute prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. 215(c)(3).  "Retaliatory acts come in infinite variety, and even actions taken in the

course of litigation could constitute retaliation in appropriate circumstances." Steffes v. Stepan, Co., 144 F.3d 1070, 1075 (7th Cir. 1998); see also Power Systems, Inc. v. NLRB, 601 F.2d 936, 940 (7th Cir.1979) (noting that the filing of a malicious prosecution action against an employee who had filed unfair labor practice charges could itself violate federal labor laws).

Specifically, the issue of Plaintiff not being at work was known to the Defendants in January 2022 [DE 22, Counterclaim ¶16]. Defendants did not file its counterclaim for damages until January 27, 2023 – one year later. During that time period, Defendants never even sent Plaintiff a demand or pre-suit communication to recover these alleged damages. Once Plaintiff filed his suit for FLSA violations, Defendants now chose to file this counterclaim.

Simply stated, Defendants counterclaim would not have been filed, but for the fact Plaintiff instituted proceedings under and related to the FLSA. In fact, the temporal proximity between the filing of Plaintiff's lawsuit and the allegedly retaliatory act (the filing of the counterclaims), is sufficient to establish retaliatory motive.

These counterclaims would not have been filed but for Plaintiff's filing of this lawsuit to enforce his FLSA rights. This allegation is not simply related to the *timing* of the filing of the counterclaim, but rather whether Defendants would have filed such a claim at all if Plaintiff did not pursue an FLSA case.

As a result, Plaintiff requests that this Court not permit such retaliatory acts be rewarded, and that if Defendants truly wish to pursue these claims, they should be brought in the state court.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court dismiss Defendants' Counterclaim.

> Law Offices of Levy & Levy, P.A.
> 1000 Sawgrass Corporate Parkway
> South Pointe I, Suite 588
> Sunrise, Florida 33323
> Telephone: (954) 763-5722
> Facsimile: (954) 763-5723
> Email: chad@levylevylaw.com
> Service Email: assistant@levylevylaw.com
> *Counsel for Plaintiff*
>
> */s/ Chad Levy*
> CHAD E. LEVY, ESQ.
> F.B.N.: 0851701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

> */s/ Chad E. Levy*
> Chad E. Levy

## **<u>SERVICE LIST</u>**

Kathryn C. Hopkinson, Esq.
Florida Bar No.: 0102666
khopkinson@curranantonelli.com
filings@curranantonelli.com
CURRAN ANTONELLI, LLP
400 North Tampa St, 15th Floor
Tampa, Florida 33602
(813) 816-1514 ▪ (813) 902-6040 Fax
*Counsel for Defendants*